# EXHIBIT 1

Filing # 163750108 E-Filed 12/28/2022 12:51:59 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.: 22245492

ZSOLT KOCSOR

    Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ZSOLT KOCSOR, by through his undersigned counsel, and hereby files his Amended Complaint against Defendant AKIMA GLOBAL SERVICES, LLC (herein after "AKIMA") and in support thereof, Plaintiff states as follows:

1. The amount in dispute exceeds the jurisdictional amount of $50,000.00, exclusive of interest, costs, and attorney's fees. Furthermore, the amount in dispute exceeds the jurisdictional amount of $75,000.00 under 28 U.S.C. § 1332, exclusive of interest, costs, and attorney's fees.

2. Venue is proper in the Miami-Dade County, Florida because the events giving rise to these claims occurred in this judicial district.

3. Plaintiff, ZSOLT KOCSOR, is a natural person and a citizen of Hungary.

4. Defendant, AKIMA, is an Arkansas corporation with its principal offices located in Virginia.

5. Defendant, AKIMA, has substantial connections in Florida because it provides services for and at the Krome Service Processing Center in Miami-Dade County, Florida and because it committed tortious acts within state of Florida, as alleged herein.

6. This action is brought to recover monies due and owing from the Defendant to the Plaintiff for damages for denial of medical services, substandard medical care, negligence, and gross negligence due to the negligent acts and omissions of the Defendant, its agents, and its employees herein while the Plaintiff was committed into the Defendant's custody.

## STATEMENT OF FACTS

7. Upon arriving at the Miami International Airport on January 1, 2019, Plaintiff, a Hungarian pop-star/singer, also known as "KOZSO" was detained after presenting his passport to a Customs and Border Patrol (CBP) officer.

8. Plaintiff was subsequently questioned by a secondary female CBP officer, however, as Plaintiff does not speak English, he repeatedly told the officer "No English".

9. The officer showed Plaintiff her computer screen allowing him to select his native language of Hungarian. The computer system translated Plaintiff's spoken Hungarian words to typed words in English. About halfway through the interview, the secondary female CBP officer was replaced with a male CBP officer.

10. Plaintiff had difficulty communicating through the use of this system. Plaintiff had previously undergone a medical procedure that causes his speech to be scattered and difficult to follow and as Plaintiff did not speak any English, he requested that the CBP officer allow him to make a call.

11. Plaintiff made a call to his girlfriend, Renata, believing that she would be able to better communicate with the CBP officer in English. Renata explained Plaintiff's serious medical conditions in detail, need to be under a physician's care and take prescribed medication and conveyed that stress was "very bad" for Plaintiff and could worsen his medical conditions. The CBP officer informed her that Plaintiff would be released in the morning.

12. Plaintiff communicated, to both CBP officers, that he needed his suitcase as his necessary medication was in there; however, he was never given his medication, or given any during his subsequent incarceration.

13. Plaintiff was detained by Defendant, AKIMA, from January 1, 2019, until February 7, 2019. Plaintiff was detained at Miami International Airport on January 1, 2019 and was subsequently transported to the Krome Service Processing Center, located in Miami, operated by Defendant, AKIMA, for the remainder of his detention.

14. Upon his arrival, Plaintiff immediately notified the guards who, upon information and belief, are employees of Defendant, AKIMA, at Krome Service Processing Center of his serious medical condition, need to see a physician, and again requested the medication that was in his luggage. However, Plaintiff never received medication or an appointment with a doctor.

15. Plaintiff's daily pleas, to Defendant, AKIMA, for his medication or to see a physician were completely ignored.

16. Plaintiff fainted twice while detained at Krome Service Processing Center, operated by Defendant, AKIMA, and no medical help was given to him.

17. Plaintiff filled out a form requesting medical attention, however, because it was written in Hungarian, no one understood it. Eventually, with the help of Renata, Plaintiff was able to write in English on the form and to again ask to see a physician and receive his medication. Plaintiff also requested help from other detainees who also filled out the form on his behalf requesting medication and to see a physician.

18. After approximately three (3) weeks of daily requests for medical attention and his medication, Plaintiff was allowed to see a nurse, but he was still not provided with his medication.

19. Due to Defendant, AKIMA's, actions, and inactions, Plaintiff was unable to take medication for his prostate, anxiety, or medication he was prescribed following his brain procedure. As a direct result, Plaintiff was not able to relieve himself properly causing him excruciating pain, constant anxiety, and depression. Plaintiff was also unable to speak properly. He was constantly confused and rattled due to the deprivation of his needed medication.

20. Defendant, AKIMA, neglected to provide Plaintiff with adequate medical treatment in direct violation of, *inter alia*, the Constitution of the United States of America.

**FIRST CAUSE OF ACTION: NEGLIGENT INCARCERATION**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

21. Immigration detainees are subject to the same rights as civil detainees and thus afforded "more constitutional protection, more considerate treatment, and conditions of confinement than criminals whose conditions of confinement are designed to punish."[1]

22. "The minimum standard of care to be provided to civil detainees under the Due Process Clause is the same as that allowed by the Eighth Amendment for convicted persons."[2]

23. Under the Eighth Amendment, health care and conditions of confinement must reflect basic common decency and a recognition of the dignity the government must accord all human beings.[3]

24. Defendant, AKIMA, violated Plaintiff's due process rights because it acted with deliberate

---

[1] *Mehmood v. Guerra,* 789 F. App'x 938, 941 (11th Cir. 2019); *Youngberg v. Romeo,* 457 U.S. 307, 321-22.
[2] *Gayle v. Meade,* No, 20-21553-Civ-COOKE/GOODMAN *5 (S.D. Fla. Apr. 30, 2020) citing *Hamm v. DeKalb Cty.,* 744 F.2d 1567, 1574 (11th Cir. 1985).
[3] *See Estelle v. Gamble,* 429 U.S. 97, 103 (1976) (holding that the government has an "obligation to provide medical care for those whom it is punishing by incarceration").

indifference to a known or obvious danger in depriving Plaintiff of medical attention and his necessary medication.

25. As Plaintiff was detained in an Defendant, AKIMA, facility, Defendant owed Plaintiff a duty to provide him with medical care. Defendant breached this duty by ignoring each of Plaintiff's requests for medical attention and medication.

26. Defendant, AKIMA, was aware of Plaintiff's medical conditions as Plaintiff, and others, informed them of them with every chance that he/they received. Plaintiff verbally asked for his medication on numerous occasions and followed prison procedure by filling out the necessary forms to further request medical attention and his needed medication.

27. Defendants acted with deliberate indifference to Plaintiff's pleas for medical attention and his needed medication.

28. Throughout Plaintiff's five (5) week detention, he was only scheduled one appointment with a nurse who never ensured that Plaintiff received his medication. This treatment was completely inadequate for someone with serious medical conditions such as Plaintiff.

29. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, suffered separate and severe emotional injuries, including anxiety, depression, nightmares, and gastrointestinal difficulties, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap has lost income in the past and Plaintiff's earnings and professional abilities have been impaired. The injuries are permanent or continuing and nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff ZSOLT KOCSOR demands judgment for all damages

recoverable under the law against the Defendant, and demands trial by jury, of all issues so triable as a matter of right.

## SECOND CAUSE OF ACTION: GENERAL NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

30. Defendant, AKIMA, its agents, servants and/or employees were at all times herein mentioned under a duty to provide Plaintiff with proper medical attention and his necessary medication.

31. Defendant, AKIMA, its agents, servants and/or employees breached this duty by, *inter alia,* ignoring each of Plaintiff's requests for medical attention and necessary medication while in its custody.

32. Defendant, AKIMA, its agents, servants and/or employees were negligent in the manner in which they treated and/or failed to treat the Plaintiff after Plaintiff's repeated requests for medical attention and medication.

33. This occurrence and the injuries sustained by this plaintiff were caused wholly and solely by the negligence of Defendant, AKIMA, its agents, servants and/or employees, without any negligence on the part of this Plaintiff contributing thereto.

34. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, suffered separate and severe emotional injuries, including anxiety, depression, nightmares, and gastrointestinal difficulties, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap has lost income in the past and Plaintiff's earnings and professional abilities have been impaired. The injuries are permanent or continuing and nature,

and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff ZSOLT KOCSOR demands judgment for all damages recoverable under the law against the Defendant, and demands trial by jury, of all issues so triable as a matter of right.

### THIRD CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION AND RETENTION

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

35. Defendant, AKIMA, failed to properly train its employees, agents and/or servants in the proper procedure in providing medical care to the detainees in its facilities.

36. The lack of medical care Plaintiff received by Defendant, AKIMA, its agents, servants and/or employees caused Plaintiff's injuries and were negligent, careless, reckless and/or breached a duty to exercise due care with respect to the hiring, training, supervision and/or disciplining of the agents, servants and/or employees at the Krome Service Processing Center.

37. Plaintiff's injuries were caused in whole or in part by the Defendant's refusal to provide Plaintiff with necessary medication or medical attention, while in Defendant AKIMA's custody, until his eventual release on February 7, 2019.

38. The complained injuries happened wholly and solely as a result of the negligence, carelessness and/or recklessness of the defendants without any fault, want of care, negligence or culpable conduct in the part of the Plaintiff contributing thereto.

39. As a direct and proximate result of Defendant AKIMA's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, suffered separate and severe emotional injuries, including anxiety, depression, nightmares, and gastrointestinal difficulties, disability, disfigurement, aggravation of pre-existing conditions,

loss of enjoyment of life, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap has lost income in the past and Plaintiff's earnings and professional abilities have been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff ZSOLT KOCSOR demands judgment for all damages recoverable under the law against the Defendant, and demands trial by jury, of all issues so triable as a matter of right.

Dated: December 28, 2022

        HOLZBERG LEGAL
        Offices at Pinecrest II, Suite 220
        7685 S.W. 104th Street
        Miami, Florida 33156
        Telephone: (305) 668-6410
        Facsimile:  (305) 667-6161

        BY:   */s/ Glenn J. Holzberg*
                GLENN J. HOLZBERG

                Fla. Bar # 369551

        ANTIN, EHRLICH & EPSTEIN, LLP
        Co-Counsel
        49 West 37th Street, 7th Floor
        New York, New York 10018
        (212) 221-5999

        By:   */s/Scott W. Epstein*
                Scott W. Epstein (*Pending Pro Hac Vice*)